**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

TRILLIUM PARTNERS, LP
90 Grove Street, Suite 108
Ridgefield, CT 06877

    Plaintiff

v.

RENEWABLE ENERGY AND POWER, INC.    Case No.:
3395 W. Cheyenne Ave
Suite 111B
N. Las Vegas, Nevada 89032

    Defendant

---

## COMPLAINT

Plaintiff, Trillium Partners, LP, ("TRILLIUM"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against Renewable Energy and Power, Inc. ("RBNW"), and alleges:

1. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other debt, claims or securities of the same public company owned by the Plaintiff.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4. Defendant is a publicly traded corporation, domiciled in Nevada and conducting business in Maryland, trading under the ticker symbol RBNW, which has the ability to issue securities under Section 3(a)(10).

1

5. The parties hereto previously settled a separate set of debts owed by the Defendant to other creditors under a Settlement Agreement and Stipulation dated October 9, 2019 and Court Order dated November 15, 2019, which was issued by this Honorable Court in Case No. 1:19-cv-03074 (the "Prior Case"). The present Complaint concerns a settlement of additional debts owed by the Defendant which were not settled in the Prior Case, as documented in the following exhibits.

6. Plaintiff is owed $15,050.00, representing the remaining balance on a Convertible Promissory Note in the original principal balance of $60,000.00 issued by the Defendant to Plaintiff dated August 23, 2019. A copy of the corresponding documentation evidencing the debt owed by Defendant to the Plaintiff (including the Promissory Note, the original wire confirmation of Plaintiff's loan to the Defendant, and confirmation of payments made by Defendant to Plaintiff) are attached hereto and incorporated by reference herein as Exhibit A.

7. On January 8, 2020, Plaintiff entered into a Claims Purchase Agreement (the "Assignment Agreement") with Daniel Ryweck, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $55,085.88 ("Claim"). A copy of the Assignment Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including a Debt Assumption Agreement, and Promissory Note) are attached hereto and incorporated by reference herein as Exhibit B.

8. On January 6, 2020, Plaintiff entered into a Claims Purchase Agreement (the "Assignment Agreement") with Eilers Law Group, P.A., a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $8,350.00 ("Claim"). A

copy of the Assignment Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including an invoice for legal services) are attached hereto and incorporated by reference herein as Exhibit C.

9. On December 19, 2019, Plaintiff entered into a Claims Purchase Agreement (the "Assignment Agreement") with Eric Weisblum, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $30,000.00 ("Claim"). A copy of the Assignment Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including promissory notes, and payment confirmations) are attached hereto and incorporated by reference herein as Exhibit D.

10. On December 20, 2019, Plaintiff entered into two separate Claims Purchase Agreements (each an "Assignment Agreement") with Uppercut Brands, Inc. f/k/a Point Capital, Inc. a creditor of Defendant which is controlled by Eric Weisblum (an "Assignor"). One Assignment Agreement was in the amount of $221.402.00 and the other was in the amount of $55,902.78, each representing a ("Claim"). A copy of each Assignment Agreement under which the Plaintiff acquired the subject debts from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including a Debt Assumption Addendum, promissory notes, and payment confirmations) are attached hereto and incorporated by reference herein as Exhibit E.

11. On January 10, 2020, Plaintiff entered into a Settlement and Assignment Agreement (the "Assignment Agreement") with JSJ Investments, Inc., a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of

$504,423.81 ("Claim"). A copy of the Assignment Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including a 2018 Default Judgment from Dallas County, Texas, payment confirmation to the Assignor from Plaintiff, and 2017 payment confirmations provided by Assignor's legal counsel) are attached hereto and incorporated by reference herein as Exhibit F.

12. On January 15, 2020 Defendant engaged Corinthian Partners, LLC ("PLACEMENT AGENT") a registered broker-dealer, to serve as Placement Agent with regard to the due diligence of and the purchase of Claims by third parties like TRILLIUM.

13. For such services, Placement Agent is due a placement agent fee equal to ten percent (10%) of the net proceeds of sales of Settlement Shares issued pursuant to a court approved settlement agreement.

14. The January 15, 2020 Engagement Letter from the Placement Agent to Defendant evidencing such placement agent services is attached hereto as Exhibit G.

15. Because TRILLIUM's brokerage will not allow TRILLIUM to deposit RBNW stock into its brokerage account without a federal court order recognizing an exemption from registration under the Securities Act of 1933, it is impossible for TRILLIUM (and thus each Assignor) to recoup these losses without relief under Section 3(a)(10).

16. RBNW's delinquent public securities filings confirm its inability to repay TRILLIUM using cash, and TRILLIUM seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby RBNW would obtain the requested federal court order

allowing RBNW to issue shares of its publicly traded common stock as payment for the settlement of TRILLIUM's Claim under Section 3(a)(10).

17. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

18. The total outstanding balance represented by the above Claims is owed by Defendant to the Plaintiff and remains unpaid.

19. Based upon the foregoing exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

20. Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

21. Both Assignors and Plaintiff have made verbal requests to Defendant for payment of the subject debts; however, Defendant has failed to pay same.

22. As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

January 23, 2020
*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
201 International Circle, Suite 230
Hunt Valley, Maryland 21030
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*